(91 Misc. Rep. 301)

CAHILL, Commissioner of Public Safety, v. MORAN.

(Supreme Court, Special Term, Albany County. July, 1915.)

INJUNCTION ⬡137—MOTION FOR TEMPORARY INJUNCTION—HEALTH REGULATIONS.

　　On motion for a temporary injunction in an action by the commissioner of public safety of a city to restrain an unincorporated association, which for 14 years had engaged in fat rendering and bone boiling in a plant which was modern in construction and equipment, from operating its plant in violation of Public Health Law (Consol. Laws, c. 45) § 39, providing that "it shall not be lawful for any person * * * to engage in * * * the business of fat rendering, bone boiling, * * * within the corporate limits of any incorporated city," and "that nothing herein contained shall prevent the rendering of fresh killed cattle or swine," the moving affidavits stated that at certain seasons noxious odors were noticeable in the locality of the plant, but many affidavits contradictory thereof were made by people living in the vicinity, and plaintiff failed to show that at the time of the motion such a condition existed as required the closing down of defendant's business in the interest of the public. *Held*, that the case was too important to be disposed of on the affidavits, and that therefore the motion should be denied.

　　[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. ⬡137.]

Action by John F. Cahill, as Commissioner of Public Safety of the City of Troy, against James J. Moran, as President of the Fat Melting & Calfskin Association. On motion for injunction pendente lite. Motion denied.

Charles I. Webster, Corp. Counsel, of Troy, for plaintiff.
William E. Woollard, of Albany, for defendant.

RUDD, J.　Plaintiff moves for an injunction pendente lite restraining the defendant from operating its plant located on Spring avenue in the city of Troy. The defendant is an unincorporated association.

The plaintiff alleges that the defendant violates section 39 of the Public Health Law, which says:

"It shall not be lawful for any person or persons to engage in or carry on the business of fat rendering, bone boiling or the manufacture of fertilizers or any business as a public nuisance within the corporate limits of any incorporated city of this state, or within a distance of three miles; * * * that nothing herein contained shall prevent the rendering of fresh killed cattle or swine."

The plaintiff alleges, because the defendant has conducted the business of fat rendering and bone boiling within the city of Troy, that

said business is illegal, irrespective and aside from the question of whether the manner in which the business is being conducted creates a public nuisance. That contention may be true. It can be determined upon a trial of the cause.

In view of the peculiar reading of the statute, and in face of the fact that in the section of the statute from which the quotation is made 22 counties of the state are exempt from this provision, including, among others, New York, Erie, and Schnectady counties, the court is not prepared to dispose of the entire issue by determining upon this motion that the business of the defendant, conducted as it is in the city of Troy, is illegal, and that therefore a restraining order should at this time be issued. The business has been carried on for 14 years. The plant is modern in its construction and equipment Affidavits have been presented in sustaining the motion of the plaintiff to the effect that at certain seasons of the year, notably in the summer, noxious odors are noticed by people in the locality. Counter affidavits have been filed in large numbers to the effect that such odors are not noticeable.

The health officer of the city of Troy has certified, in a letter written the day before the motion was made, that as the result of an examination made by him he fails to find any unsanitary conditions about the plant. He does not say that unpleasant odors are not noticeable, but it is fair to assume, because of the attitude which the city of Troy has taken in this matter and in the beginning of the action, that when called upon to make an examination of the plant he went there for the purpose of determining whether in his opinion such a condition existed as would call upon him as health officer of the city to say whether the plant in effect caused the existence of a public nuisance.

The burden on this motion is upon the plaintiff to establish to the satisfaction of the court, by a fair preponderance of evidence, adduced by affidavits, that such a situation is presented, having in mind the interests of the public, of the residents of the immediate locality, as would require the court to make an order which would cause the immediate suspension of the business. Such an order should be made, irrespective of what the results might be, if the public interests demanded it.

The affidavits presented, however, do not show to the court that such is the situation. Too many affidavits of people living in the immediate vicinity have been read upon the motion to the effect that there are no unpleasant and sickening odors arising from the plant during its operation, even in the summer. There is a failure on the part of the plaintiff to show that just at this time the condition exists which would require the closing down of the business. It is admitted by the defendant that heretofore, before the introduction of modern equipment, there have been unpleasant odors, as stated, coming from the building; but it denies, and it brings a mass of evidence in the form of affidavits to the support of its denial, that there are unpleasant odors at this time.

The court must give heed to the attitude of a municipal corporation, as represented by its public officials who are charged with the imper-

tant duty of preserving the public health and in protecting the people against a nuisance in their midst; but here is a business which for a great many years has been conducted in this same place. Concerning the method of the conduct of the business the proprietors have evidently been solicitous, as evidenced by the new building and modern equipment, and by the sanitary condition of the premises, as indicated by the certificate of the city health officer. In such a situation the city authorities are called upon, when they invoke an order which would practically close the business of the defendant, to present to the court evidence that the situation is such that in the interest of the public the injunction must be granted. That has not been done.

The affidavits on the part of the plaintiff are overcome by those presented for the defendant. The photographs of the buildings of the defendant and of the locality and surroundings are all convincing, to the extent at least of making it impossible for the court to grant an order in anticipation of the trial of the cause, which would have the effect of destroying the defendant's business. It has been too long established. It apparently is conducted with such a degree of care and circumspection as would not justify an order of the court at this time. It is too important a case to dispose of really upon affidavits, the merits should be heard.

An order may therefore be entered denying the motion of the plaintiff, with $10 costs, to abide the event.

Motion denied.